**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| OLUKOREDE OSIDEKO, on behalf of himself and all others similarly situated, | ) ) ) | |
| PLAINTIFF, | ) ) | |
| v. | ) ) | Civil Action No. 18-cv-03147 |
| L J ROSS ASSOCIATES, INC., | ) ) | |
| DEFENDANT. | ) | Jury Demanded |

**CLASS COMPLAINT**

Plaintiff, Olukorede Osideko, on behalf of himself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.      Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

**STANDING**

3.      Defendant sent Plaintiff a collection letter that failed to identify the current creditor of the alleged debt Defendant was attempting to collect in violation of the FDCPA.

4.      Plaintiff has a congressionally defined right to receive all communications from a debt collector with adequate disclosure of Plaintiff's rights under the law. *E.g. Genova v. IC Sys., Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

5.      Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting

1

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6.      Plaintiff, Olukorede Osideko, ("Plaintiff"), is a resident of the state of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed on a consumer utility account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7.      Defendant L J Ross Associates, Inc. ("L J Ross") is a Michigan corporation that does or transacts business in Illinois. Its registered agent and office is Illinois Corporation Service Co, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. (Exhibit A, Record from Illinois Secretary of State).

8.      L J Ross is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9.      L J Ross is a licensed collection agency in the State of Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

10.      L J Ross regularly collects or attempts to collect debts owed or due to another, and is therefore it is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11.     According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal or household purposes, originally for a consumer utility account ("alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12.     Due to his financial circumstances, Plaintiff could not pay any alleged debts, and the alleged debt went into default.

13.     L J Ross was subsequently retained for collection of the alleged debt.

14.     On or about April 17, 2018, L J Ross sent a collection letter ("Letter") directly to Plaintiff regarding the alleged debt. (Exhibit C, Letter).

15.     The Letter conveyed information regarding the alleged debt, including an account number and balance due on the alleged debt.

16.     The Letter was thus a "communication" as that term is defined at § 1692a(2) of the FDCPA.

17.     The Letter was Defendant's initial communication to Plaintiff.

18.     The Letter states in two separate places, "Current Creditor: Wec (2134) (PEOPLES GAS & COKE COMPANY)". (Exhibit C).

19.     The Letter fails to identity of current creditor to whom the debt is owed.

20.     Plaintiff, and the unsophisticated consumer, would be unable to determine whether the alleged debt was owed to "Wec Energy Group" or "PEOPLES GAS & COKE COMPANY", or if the alleged debt was somehow owed to both entities in equal or unequal parts.

21.     In fact, Plaintiff is still not aware of the identity of the current creditor to whom the debt is allegedly owed.

22.     A simple statement that only one of the companies was the "current creditor," or that the debt was owed to such party, would have sufficed to effectively identify the name of the creditor to whom the debt was allegedly owed.

23.     Plaintiff was confused, as an unsophisticated consumer would be confused, as to whom the debt was allegedly owed.

24.     15 U.S.C. § 1692g of the FDCPA provides as follows:

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**. . . (2) the name of the creditor to whom the debt is owed. . . .**

25.     L J Ross failed to effectively state the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. § 1692g(a)(2). *See Braatz v. Leading Edge Recovery Sols., LLC*, No. 11 C 3835, 2011 WL 9528479, at *1 (N.D. Ill. Oct. 20, 2011); *Walls v. United Collection Bureau, Inc.*, No. 11 C 6026, 2012 WL 1755751, at *2 (N.D. Ill. May 16, 2012).

26.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

27.     Plaintiff, Olukorede Osideko, brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect a utility debt (3) using the letter attached as Exhibit C to Plaintiff's Complaint (4) from 1 year prior to the filing of the Complaint to 21 days following.

4

28. As Exhibit C is a form letter, the Class likely consists of more than 40 persons from whom Defendant attempted to collect a defaulted utility account.

29. Plaintiff 's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

30. The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

31. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

33. L J Ross failed to effectively state the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. § 1692g(a)(2).

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of

Plaintiff and the class, and against Defendant as follows:

A.     Statutory damages for plaintiff and all class members pursuant to 15
       U.S.C. § 1692k(a)(2);

B.     Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

C.     Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha C. Chatman
One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
**Community Lawyers Group. Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com