UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLUKOREDE OSIDEKO, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| L J ROSS ASSOCIATES, INC., | ) ) |
| Defendant. | ) ) |

No. 18 C 3147

Judge Sara L. Ellis

## **OPINION AND ORDER**

After receiving a dunning letter from L J Ross Associates, Inc. ("LJRA"), Olukorede Osideko brought this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* alleging a violation of § 1692g(a)(2) for failure to effectively state the name of the creditor to whom Osideko owed the debt. Having filed its answer, LJRA moves the Court for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Because the dunning letter's identification of the creditor would be clear to even the unsophisticated consumer, the Court grants LJRA's motion and enters judgment against Osideko.

## **BACKGROUND**[1]

LJRA, a debt collection agency, sought to collect a consumer debt from Osideko. LJRA sent Osideko a letter on April 17, 2018, informing Osideko of the debt he owed. The first line of the letter read: "The above client has referred your unpaid account to this agency for collection." Doc. 1-1 at 6. The letter identified the referenced "above client" twice: once in the top right corner and once in the bottom right corner. Both identifications read: "Current Creditor: Wec

---

[1] In deciding LJRA's motion for judgment on the pleadings, the Court considers Osideko's complaint, the attached exhibits, and LJRA's answer in the light most favorable to Osideko. *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452–53 (7th Cir. 1998).

(2134) (PEOPLES GAS & COKE COMPANY)." *Id.* Osideko, however, was confused and could not determine whether the alleged debt was owed to "Wec Energy Group" or "PEOPLES GAS & COKE COMPANY," or if the alleged debt was somehow owed to both entities in equal or unequal parts. Doc. 1 ¶¶ 20–21.

## LEGAL STANDARD

"A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

A debt collector violates § 1692g if it either fails to provide required information or provides required information "in a manner that is 'confusing' to the consumer." *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006). To properly evaluate the potential

confusion, the Court must view the claim "through the eyes of the 'unsophisticated consumer.'" *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009). "The unsophisticated consumer may be uninformed, naïve, and trusting, but is not a dimwit, has rudimentary knowledge about the financial world, and is capable of making basic logical deductions and inferences." *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012). "[A] district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects." *McMillan*, 455 F.3d at 759. "Nevertheless, a plaintiff fails to state a claim and dismissal is appropriate as a matter of law when it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) (citation omitted) (internal quotation marks omitted). The unsophisticated consumer standard does not save a claim when it is based on a "bizarre, peculiar, or idiosyncratic interpretation of a collection letter." *McMillan*, 455 F.3d at 758.

Osideko claims that he cannot interpret the true current creditor from the description in the letter, namely, "Current Creditor: Wec (2134) (PEOPLES GAS & COKE COMPANY)." However, this description "plainly identified the entity to whom the debt was owed by using the words 'Current Creditor'" and did not include "confusingly named non-creditors sprinkled about the letter to muddy the waters [or] opaque technical terms." *Zuniga v. Asset Recovery Solutions*, No. 17-cv-05119, 2018 WL 1519162 at *4 (N.D. Ill. Mar. 28, 2018) (finding straightforward use of "Current Creditor" was not confusing to an unsophisticated consumer).

Though perhaps the flipside of the coin, this case is like *Eul v. Transworld Systems*, No. 15 C 7755, 2017 WL 1178537 at *30–31 (N.D. Ill. Mar. 30, 2017), in which the court found the

3

failure to identify the creditor by its precise and full legal entity name was not false or misleading under the FDCPA. In *Eul*, plaintiffs claimed that "National Collegiate Trust" was not an accurate identification of the creditor because it was not the full legal entity's name. *Id.* But like *Leonard v. Zwicker & Associates, P.C.*, No. 16-cv-14326, 2016 WL 7388645 (S.D. Fla. Dec. 14, 2016), and *Campbell v. American Recovery Services Inc.*, No. 2:15-cv-9079, 2016 WL 3219866 (C.D. Cal. June 8, 2016), which both held that though "American Express" was not the full legal name, it was not an inaccurate, misleading, or confusing identification under the FDCPA, Judge Castillo in *Eul* "ha[d] no difficulty concluding that the letters' identification of the creditor generally as 'National Collegiate Trust' was not false or misleading as a matter of law." *Eul*, 2017 WL 1178537, at *30. Here Osideko protests the opposite: LJRA has provided too close to the full legal identification of Wec Energy Group and the subsidiary with which Osideko might have more familiarity, Peoples Gas & Coke Company. This Court finds the Federal Trade Commission's Staff Commentary on § 1692e(14) of the FDCPA persuasive in this situation: "[a] debt collector may use . . . its full business name, the name under which it usually transacts business, or a commonly-used acronym." Federal Trade Commission, Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50,097, 50,107 (Dec. 13, 1988). The Court does not read the "or" as exclusive; it should not count against LJRA that their dunning letter included a commonly-used acronym or shortened name, "Wec," *and* the name Osideko would be more likely to recognize because it is the one under which Wec Energy Group usually transacts with him, "Peoples Gas & Coke Company."

    Osideko compares this case to two others in this district: *Braatz v. Leading Edge Recovery Solutions, LLC*, No. 11 C 3835, 2011 WL 9528479 (N.D. Ill. Oct. 20, 2011), and *Walls*

4

*v. United Collection Bureau, Inc.*, No. 11 C 6026, 2012 WL 1755751 (N.D. Ill. May 16, 2012). However, these cases are distinguishable from the one before the Court. The dunning letter in *Braatz* indicated in a header that LVNV was the creditor but the text of the letter informed Braatz that her "delinquent CITIBANK account has been placed with our company for collections." *Braatz*, 2011 WL 9528479 at *1. The court concluded that the unsophisticated consumer would be confused by this change in creditor identification from the heading to the body of the letter. *Id.* The dunning letter in *Walls* danced around the phrase "current creditor," identifying LVNV instead as the "current owner," without specifying what exactly LVNV owned. *Walls*, 2012 WL 1755751 at *2. In this case, however, the "current creditor" is identified twice, both times as "Wec (2134) (PEOPLES GAS & COKE COMPANY)." Doc. 1-1 at 6. Unlike the other cases, this letter cannot be confusing because it does not include different creditor names in different places in the letter. It is consistent and properly identifies the account and creditor at issue.

Osideko similarly relies upon *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016). Again, this case does not support Osideko's position. The Seventh Circuit found that the dunning letter could be confusing to an unsophisticated consumer because it referenced the "original creditor" and the "assignee" of the debt but never used the phrase "current creditor" and therefore did not clearly identify the current owner of the debt. *Id.* LJRA avoids this issue by twice identifying the current creditor. Doc. 1-1 at 6.

From "Wec (2134) (PEOPLES GAS & COKE COMPANY)," the Court does not expect the unsophisticated consumer to immediately intuit that the relationship is one of a subsidiary and affiliate. But the unsophisticated consumer "is not a dimwit . . . and is capable of making basic logical deductions and inferences." *Lox*, 689 F.3d at 822. It defies logic that even the

5

unsophisticated consumer intuits no relationship at all, including common lay-relationships like "doing business as" or "also known as" from one name followed by another in parentheses and capital letters. Furthermore, Osideko's claim that he does not know to whom he owes the debt, or who he should pay does not hold water; LJRA lists a single account number, refers to "Wec (2134) (PEOPLES GAS & COKE COMPANY)" as a single entity, and twice identifies it as the "Current Creditor" not "Current Creditors." Doc. 1-1 at 6. "[U]nder the FDCPA, confusion is not in the eyes of the beholder. . . . The Act protects the unsophisticated debtor, but not the irrational one." *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1062 (7th Cir. 2000). The Court finds that Osideko's claims do not qualify as a violation of § 1692g and so Osideko cannot succeed on his claims.

## CONCLUSION

For the foregoing reasons, the Court grants LJRA's motion for judgment on the pleadings [22]. The Court enters judgment for LJRA on Osideko's complaint and terminates this case.

Dated: April 30, 2019

_____
SARA L. ELLIS
United States District Judge